## Commonwealth *v.* Burson, Appellant.

· *Husband and wife—Proceedings for support—Jurisdiction of Municipal Court—Appeals—Scope of appeal—Certiorari.*

An appeal from an order of the Municipal Court of Philadelphia County entered in a proceeding under the Act of April 13, 1867, P. L. 78, to compel a husband to support his wife, operates as a common law certiorari on which only the jurisdiction of the lower court and the regularity of the proceedings are considered.

Argued May 3, 1915. Appeal, No. 13, Oct. T., 1915, by defendant, from order of Municipal Court Philadelphia Co., Nov. T., 1914, No. 238, on proceedings for support in case of Commonwealth v. James N. Burson. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Warrant for desertion and nonsupport. Before BROWN, P. J.

The court entered an order upon the defendant to pay his wife sixty dollars per week.

*Error assigned* was the order of the court. .

*Charles S. Wood,* for appellant.—Counsel fully appreciates the attitude of the appellate courts respecting the review of the records of Quarter Sessions Courts in such cases, but finds himself unable to agree with the

position taken by the court in many cases where it has refused to consider anything but the bare record.

The appellant is not aggrieved at the record as a record, but he is aggrieved or injured by the gross abuse of judicial power in subjecting him to the payment of the unconscionable and penalistic order in this case.

*Joseph P. Rogers,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.—
The effect of an appeal in a proceeding like the present is merely that of a common law certiorari, and on it nothing is to be determined other than whether the record and proceedings are regular in form: Com. v. James, 142 Pa. 32; Com. v. Smith, 200 Pa. 363; Com. v. Mills, 26 Pa. Superior Ct. 549; Com. v. Isaacman, 33 Pa. Superior Ct. 384; Com. v. Brownell, 35 Pa. Superior Ct. 249; Com. v. Dilks, 45 Pa. Superior Ct. 339; Com. v. Friedlander, 53 Pa. Superior Ct. 221; Com. v. Runkle, 56 Pa. Superior Ct. 131.

OPINION BY HENDERSON, J., July 21, 1915:

This is an appeal from an order of the Municipal Court of Philadelphia entered in a proceeding under the Act of April 13, 1867, P. L. 78, to compel the defendant to maintain his wife. Section 11 of the Act of July 12, 1913, P. L. 711, gives exclusive jurisdiction to that court in such cases and its action is of like effect as was that of the Quarter Sessions before the jurisdiction was changed. Section 14 of the Municipal Court Act provides that all parties believing themselves to be aggrieved by the decisions of that court may remove their cases by appeal or writ of error to the Supreme or Superior Court as the case may. be, in accordance with the existing law, and in accordance with the practice and procedure in perfecting appeals from existing courts in Philadelphia County. It does not enlarge the powers of the appellate courts nor change the practice with respect thereto. It has frequently been held that an appeal from an order

of the Court of Quarter Sessions in a proceeding under the Act of 1867 operates as a common-law certiorari on which only the jurisdiction of the court and the regularity of the proceedings are considered. In Com. v. James, 142 Pa. 32, the court said "no appeal lies from the Quarter Sessions in desertion cases. This case comes up by writ of certiorari and we can only examine the regularity of the proceedings."

The same conclusion was reached in Com. v. Smith, 200 Pa. 363, and all the cases on the subject in this court are to the same effect: Com. v. Runkle, 56 Pa. Superior Ct. 131. The argument of the learned counsel for the appellant in support of the position taken that it is the duty of the court to review the evidence and dispose of the case on its merits may be persuasive, but we are not at liberty to disregard the numerous precedents which limit the action of the appellate court. There being no complaint as to the regularity of the proceeding and the jurisdiction of the Municipal Court not being successfully questioned there is nothing to be done by this court except to affirm the order of the court below.

Decree affirmed.

